JOSEPH BOYD v. WILLIAM SHOOP, *et al.*, Appellants.

**Fence Viewers:** JURISDICTION. Code 1873, sections 1490–1492, giving fence viewers jurisdiction of controversies over the erection and maintainence of division fences, gives them no power to establish or adjudicate on division lines.

**Boundaries:** PRESCRIPTION. A purchaser of land sold a moiety and had his vendor convey to his grantee by metes and bounds; and the dividing fence was built on a line agreed upon. based on a survey, and maintained and occupied with the acquiescence of all, for twenty-three years. *Held*, that the grantee owned to the fence though it was not on the true line.

*Appeal from Warren District Court.*—HON. J. A. STORY, Judge.

FRIDAY, DECEMBER 16, 1898.

ACTION to enjoin the defendant Shoop and the defendants James Utterson, Perry Fry, and Thomas Patterson, township trustees, from enforcing an order of said trustees with respect to the boundary line and division fence between lands owned by Boyd and Shoop. Issues were joined, and on the hearing a decree was entered for plaintiff as prayed. Defendants appeal.—*Affirmed.*

*H. McNeil* for appellants.

*Henderson & Berry* for appellee.

GIVEN, J.—I. Boyd and Shoop are owners of adjoining tracts of land in the same congressional subdivision, Shoop adjoining Boyd on the west. Both tracts formerly belonged to one Chapman, who sold the same to one Swallow. Boyd having agreed with Swallow to purchase the part he now owns, that part Chapman conveyed direct to Boyd, and the other tract to Swallow, under whom defendant holds his title. The deed to Boyd is for forty acres, more or less, beginning at a certain corner, and running south one hundred and one and six-tenths rods; thence west sixty-three rods; thence north one hundred and one and six-tenths rods; thence east sixty-three rods to the place of beginning. This deed was executed March 8, 1872, and Boyd has held possession of the land ever since. Shoop acquired his title from William Buxton, through prior grantees from Swallow, February 1, 1892, and has been in possession ever since. According to his deed his west line is seventeen rods west of Boyd's west line. A survey was made, in pursuance of an agreement, by the county surveyor to establish the line between Boyd and Swallow soon after Boyd acquired his title, and in 1873 Boyd built a fence on that line. The fence was maintained and occupied, too, up to the time this dispute arose, except that at one time Boyd's tenant, in repairing the fence, set a part of it west of that line, on discovering which Boyd reset it on the old line. Shoop, claiming that the line was further east than indicated by the fence, did in July, 1895, call upon the township trustees, and they proceeded to make measurements to ascertain the true line. They concluded that the two tracts were short in the quantity of land called for, and proceeded to apportion the shortage, and to fix the line accordingly. Thereafter the county surveyor made a survey, and fixed

said line different from that indicated by the fence and from that found by the trustees. An order in writing as follows was served on the plaintiff: "Carlisle, Iowa, Jan'y 31, 1896. Mr. Joseph Boyd—Dear Sir: Mr. Shoop is complaining about the fence between you and him,—that the line was run by the county surveyor on the 18th day of October, 1895. Now, we, the trustees of Allen township, authorize you to build the fence on the line that was run on the 18th day of October, 1895, by county surveyor, within sixty days from this day, January 31, 1896. If not complete by that time, it will be rebuilt by Wm. Shoop, you bearing the expense, by order of the trustees. Jas. Utterson." This action is to enjoin the enforcement of this order, upon the grounds that plaintiff is the owner of the land in dispute, under his deed, and by adverse possession, under color of title and claim of right, for more than thirty-four years, and because the township trustees had no authority to determine the line or make said order. Defendants deny that plaintiff has title to the land in dispute, that he has held adverse possession thereof, or that he has claimed the same. They claim that the line fixed by the survey of October, 1895, is the true line, and that the township trustees had authority to make said order, and ask that plaintiff's petition be dismissed.

II. Reference to sections 1490, 1491, and 1492 of the Code of 1873 shows beyond question that the township trustees had no power whatever to decide as to the disputed line, either by measurements of their own, or by accepting a disputed survey of another. They had no power to decide which of the surveys (that of 1873 or of 1895) was correct, nor to apportion any shortage between the owners. If either survey was acquiesced in by the land-owners, or established by decree of court, then they might order with respect to the erection and repair of a fence on the line so established. In *Peschongs v. Mueller,* 50 Iowa, 238, it is said: "The township trustees, acting as

fence viewers, are clothed with no authority to establish or adjudicate upon division lines.    Their jurisdiction is limited to matters involving the obligation of adjoining owners to erect and maintain partition fences, the assignment to each his share of the fence to be built and maintained, the prescribing of time within which it shall be built, and, in case of failure to build and the building by the other party, the ascertaining and certifying of the value of the fence, etc."

III.    Boyd and Swallow had a survey made in 1872 to establish this line, and Boyd then built a fence on the line so established; and this was acquiesced in by all parties concerned, as the true line, up to 1895.    The survey of 1895 places the line somewhat different, but it does not appear but that each party got the full measure of land called for by his deed by the survey of 1872.    The deed of plaintiff being made at the instance of Swallow, it is as if Swallow had made it, and plaintiff is entitled to the amount of land called for therein, and Swallow and his grantees to what remains of the entire tract.    As we view the record, Boyd not only owns the land to the line upon which the first fence stood, but has also held adverse possession, under color of title and claim of right, for more than thirty years.—AFFIRMED.